IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-cr-278-MEF |
| | ) | (WO) |
| LOUVERNE HANNON | ) | |

## **O R D E R**

On December 17, 2007, the defendant filed a Motion to Continue Trial (Doc. #10). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The motion states that counsel was appointed to represent the defendant on December 6, 2007. Counsel states that she has not had time to conduct an independent investigation of the facts of the case, to assess the existence of viable defenses, or to fully research the applicable law, all of which must be done in order to competently advise the defendant of

whether she should plead guilty and what would constitute a reasonable plea bargain given the facts and circumstances of this case. Counsel for the government does not oppose the granting of a continuance. Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That the defendant's motion filed on December 17, 2007 is GRANTED;

2. That the trial of this case is continued from the January 14, 2008 trial term to the April 7, 2008 trial term.

3. That the Magistrate Judge conduct a pretrial conference prior to the April 7, 2008 trial term.

DONE this the 18th day of December, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE